Filed 4/8/25  In re E.M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re E.M. et al., Persons Coming Under the Juvenile Court Law. | B338020 |
| | (Los Angeles County Super. Ct. No. 24CCJP00598A–E) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff, | |
| v. | |
| ELMER M., | |
| Defendant and Appellant; | |
| MARIA R.O., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Commissioner. Affirmed.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Respondent.

No appearance for Plaintiff.

———————————————

After sustaining juvenile dependency petitions, the juvenile court declared Elmer M.'s (Father) children[1] dependents and placed them in the custody of Maria R.O. (Mother) under the court's supervision.  At Mother's request, the court issued a restraining order protecting her and the children from Father.  The restraining order contains an exception permitting Father to have weekly, monitored visits with the children.  On appeal, Father challenges the issuance of the restraining order, arguing there was insufficient evidence to support it.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2024, the juvenile court sustained petitions, with amendments, pursuant to Welfare and Institutions Code

---

[1]     The court found Father was the "presumed" father of three of the children and the "biological" father of the other two.  The legal distinction between these parentage statuses is not relevant to this appeal.

2

section 300, subdivisions (b) and (j).[2] The petitions were based upon Mother's failure to provide appropriate parental care and supervision, which resulted in sexual abuse of one child by members of their household and put the other children at risk. Father was non-offending in the petitions as sustained. The juvenile court placed the children with Mother and ordered services for both parents.

Immediately following the jurisdiction and disposition hearing, the juvenile court addressed Mother's request for a permanent restraining order protecting her and the children from Father. Each of the children's counsel joined in Mother's request. The juvenile court granted the request and issued a permanent restraining order,[3] with a carveout for Father to have monitored visitation with the children for a minimum of four hours per week.

Father timely appealed.

---

[2] All undesignated statutory references are to the Welfare and Institutions Code.

[3] The juvenile court originally issued the restraining order for five years. Section 213.5, subdivision (d)(1), permits the court to issue a restraining order for "no more than three years" absent further proceedings. Father challenged this defect in a supplemental opening brief. The juvenile court later modified the restraining order to expire three years from the original date of issuance, and this court took judicial notice of the modified order. In his reply brief, Father withdrew his argument as moot.

3

## DISCUSSION

The juvenile court has authority to restrain any person from contacting a dependent child and any parent of that child. (§ 213.5, subd. (a) & (d)(1).)  Restraining orders may be based on "reasonable proof of harassment," defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (Code Civ. Proc., §§ 527, 527.6, subds. (b)(3), (b)(7) & (d); § 213.5, subd. (a).)  Restraining orders based on domestic violence may be supported by "reasonable proof of a past act or acts of abuse."  (Fam. Code, § 6300, subd. (a); § 213.5, subd. (a).)  While evidence of past physical harm may be sufficient to justify the issuance of a juvenile court restraining order, the issuance of the order "does not require such evidence[;] [n]or does it require evidence of a reasonable apprehension of future physical abuse." (*In re Bruno M.* (2018) 28 Cal.App.5th 990, 997 (*Bruno M.*), citations and italics omitted.)  Evidence that a person "'disturbed the peace'" of the child or the other parent can suffice.  (*Ibid.*)  The ultimate question is whether failure to issue the restraining order may jeopardize the safety of the person for whom protection is sought.  (*In re B.S.* (2009) 172 Cal.App.4th 183, 194.)

"'[A]ppellate courts apply the substantial evidence standard to determine whether sufficient facts supported the factual findings in support of a [juvenile court] restraining order and the abuse of discretion standard to determine whether the court properly issued the order.'"  (*In re S.G.* (2021) 71 Cal.App.5th 654, 670–671.)  "'[W]e view the evidence in a light most favorable to the respondent, and indulge all legitimate and reasonable

4

inferences to uphold the juvenile court's determination.  If there is substantial evidence supporting the order, the court's issuance of the restraining order may not be disturbed.'"  (*Bruno M.*, *supra*, 28 Cal.App.5th at pp. 996–997.)  "It is not our function to second-guess [the juvenile court's] credibility determinations or weighing of the evidence."  (*In re S.G.*, at p. 672; see *In re Eli B.* (2022) 73 Cal.App.5th 1061, 1072 ["[i]n reviewing the juvenile court's ruling we cannot reweigh the evidence or evaluate witness credibility"; "[w]e must uphold the juvenile court's factual determination as long as it is supported by substantial evidence "'even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence"'"].)

Substantial evidence supports the juvenile court's issuance of a restraining order protecting Mother and the children from Father.  Mother reported that Father had raped her "many times" from 2008 to 2018, and again in 2019.  He would also "throw . . . hot food on [her] face, hurting [her]."  Father also made threats against Mother and the children.  In January 2024, he told Mother he was going to "take [her] very far away, where nobody knows" and that "one day one of [the] kids is going to disappear."  In March 2024, Father called Mother and threatened to take the children away from her.  In April 2024, Father called Mother four times in one day, and Mother told him to stop contacting her.  Mother stated she was afraid of Father and took his comments about the children as threats to their safety as well.  Father originally admitted to social workers that there had been domestic violence between him and Mother, but later reported "[t]here was no domestic violence" and he "didn't abuse her . . . at all."  The juvenile court reasonably credited Mother's

5

statements, along with Father's earlier admissions, in determining that failure to issue the restraining order might jeopardize Mother's and the children's safety.

## DISPOSITION

The juvenile court's order is affirmed.


PULOS, J.[*]

We concur:


SEGAL, Acting P. J.


STONE, J.

<hr>

[*] Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.